UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JOHN D. JUSTICE,**

                                       **Plaintiff,**

                              -v-                                      **9:13-CV-252 (NAM/TWD)**

**KRISTEN M. WOODLOCK, as Acting Commissioner
of the New York State Office of Mental Health;
DR. BRIAN BELFI; and BRIAN FISCHER, as
Commissioner of the New York State Department of
Corrections and Community Supervision,**

                                       **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

JOHN D. JUSTICE
87-B-0385
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, pro se

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Kevin M. Hayden, Esq., Assistant Attorney General
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Defendants Woodlock and Belfi move (Dkt. No. 21) to dismiss the claims against them in

the *pro se* amended complaint (Dkt. No. 12). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B)

and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued an Order

and Report-Recommendation, filed November 7, 2014 (Dkt. No. 37), recommending that the

motion be granted in part and denied in part. Plaintiff John D. Justice objects (Dkt. No. 39).

Among other matters, Justice objects to Magistrate Judge Dancks' recommendation to apply the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), to dismiss without prejudice his claims for declaratory and injunctive relief against defendants Woodlock and Belfi in their official capacities. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the Report-Recommendation *de novo*.

The Court adopts the factual and procedural recitations in Magistrate Judge Dancks' Order and Report-Recommendation, and does not repeat them here.[1] On *de novo* review, the Court accepts all of Magistrate Judge Dancks' recommendations, and adopts her underlying analysis regarding all issues except the *Younger* abstention doctrine. With respect to *Younger* abstention, the Court's analysis is as follows.

Where a federal court has jurisdiction, it has a "virtually unflagging obligation" to hear and decide the case. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, therefore, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Id.* (quoting

---

[1] Very briefly, the Court notes that, according to the application for a recommitment order filed by the New York State Office of Mental Health dated February 14, 2013 (attached to Justice's temporary restraining order application, Dkt. No. 5), after a jury verdict on February 20, 1987 convicting Justice on certain charges and finding him not responsible by reason of mental disease or defect on others, he was found to have a dangerous mental disorder and committed to the custody of the State Commissioner of Mental Health for confinement in a secure psychiatric center for care and treatment under section 330.20(6) of the New York Criminal Procedure Law ("CPL"). Meanwhile, he was incarcerated on the charges for which he was convicted (after retrial). On September 8, 2005, a day before his scheduled release on parole, the Office of Mental Health filed an application for a release order and order of conditions. *See* CPL 330.20(12). Erie County Supreme Court granted the release order and order of conditions on January 3, 2006, and extended the order of conditions on February 23, 2011. Issues concerning the propriety of Justice's CPL 330.20 status and order of conditions are not before this Court, but rather are the subject of *Justice v. King*, 6:08-CV-6417 (W.D.N.Y. FPG-MWP). The case at bar challenges the recommitment proceeding initiated by the February 14, 2013 application by the Office of Mental Health.

*McClellan v. Carland*, 217 U.S. 268, 282 (1910)). In *Younger v. Harris*, the Supreme Court articulated an exception to this general principle, holding that where the plaintiff mounted a federal-court challenge to the constitutionality of a state criminal statute underlying a criminal prosecution pending against him in state court, "the federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute." 401 U.S. 37, 53-54 (1971). The *Younger* court explained that abstention in that case was appropriate under "the basic doctrine of equity jurisprudence that courts of equity should not act ... to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. Subsequently, courts applied *Younger* to other types of proceedings. In the Second Circuit, *Younger* abstention was held to be mandatory whenever three elements were met: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003); *accord Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Recently, in *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 591-92 (2013), "the Supreme Court rejected this three-part test in favor of a so-called categorical approach." *Mir v. Shah*, 569 Fed.Appx. 48, 50 (2d Cir. 2014). The *Sprint* court explained:

> *Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts. We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in

-3-

deference to the States.

134 S.Ct. at 588 (citations, brackets, and quotation marks omitted); *see Mir*, 569 Fed.Appx. at 50-51. The *Sprint* court commented that the "pathmarking decision" regarding the second category – state civil proceedings that are akin to criminal prosecutions – was *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), in which Ohio officials brought a civil action in state court to abate the showing of obscene movies in defendant's theater. "Because the State was a party and the proceeding was 'in aid of and closely related to [the State's] criminal statutes,' the [*Huffman*] Court held *Younger* abstention appropriate." *Sprint*, 134 S.Ct. at 591 (quoting *Huffman*, 420 U.S. at 604).

Applying *Sprint* to the case at bar, the Court holds that the recommitment proceeding in issue, initiated by the filing of a recommitment application by the New York State Office of Mental Health under section 330.20(14) of the New York Criminal Procedure Law ("CPL"), falls within the second category of cases in which federal-court abstention is required. *See Sprint*, 134 S.Ct. at 588. It is true that CPL 330.20 proceedings are civil in nature. *See People v. Escobar*, 61 N.Y.2d 431, 438 (1984). Like the proceeding in issue in *Huffman*, however, in important respects they are more akin to a criminal prosecution than are most civil cases. Section 330.20 applies only to those who have been found to be not responsible of a crime by reason of mental disease or defect. [2] *See Matter of George L.*, 85 N.Y.2d 295, 305 (1995). The CPL 330.20 process begins

---

[2] New York State has found that "persons found not guilty by reason of mental disease or defect are an exceptional class of individuals who may properly be treated somewhat differently from persons subject to civil commitment." *People ex rel. Thorpe v. Von Holden*, 63 N.Y.2d 546, 555 (1984) (citations and quotation marks omitted); *see Frances S. v. Stone*, 221 F.3d 100, 101 (2d Cir. 2000). For example, a preponderance of the evidence standard applies to CPL 330.20 commitment and retention proceedings, *see Escobar*, 61 N.Y.2d at 440, whereas, before a court may commit a person who has not been criminally prosecuted and acquitted by reason of mental disease or defect, the State must prove by clear and convincing evidence that he is insane[.]" *Id.* at 441 (citing *Addington v. Texas*, 441 U.S. 418 (1979)). Regarding the standard of proof in a recommitment proceeding, see the discussion in *Ernst J. v. Stone*, 452 F.3d 186, 196-97 (2d Cir. 2006).

-4-

when a state criminal prosecution concludes with a verdict or plea of not responsible by reason of mental disease or defect, whereupon the court must immediately issue an examination order, and the commissioner must designate psychiatric examiners to examine the defendant. *See* CPL 330.20(2). At the initial CPL 330.20 hearing, the district attorney has the burden to establish that the defendant has a dangerous mental disorder or is mentally ill. *See* CPL 330.20(6). If a dangerous mental disorder is established, the court must commit the defendant to the custody of the commissioner for confinement in a secure facility. *See id*. In such cases, the commissioner is responsible to apply for retention, transfer, release, or other subsequent orders affecting the defendant's custody. *See* CPL 330.20(8)-(13). If the court finds that the defendant is mentally ill but does not have a dangerous mental disorder, the court must issue an order of conditions and an order committing him to the custody of the commissioner; the commitment is then governed by the civil commitment provisions of the New York Mental Hygiene Law. *See* CPL 330.20(7). If the court finds that the defendant does not have a dangerous mental disorder and is not mentally ill, the court must discharge him either unconditionally or subject to an order of conditions. *See id*. When a defendant is in the commissioner's custody pursuant to a retention order or recommitment order, and the commissioner is of the view that the defendant no longer has a dangerous mental disorder and is no longer mentally ill, the commissioner may apply for a release order; whenever a court issues a release order it must also issue an order of conditions. *See* CPL 330.20(12). At any time during the period covered by an order of conditions, either the commissioner or the district attorney may bring a recommitment proceeding under CPL 330.20(14). If the defendant fails to appear at the recommitment proceeding, the court may issue a warrant directing that he be taken into custody and brought before the court; the court must then

-5-

conduct a hearing to determine whether the defendant has a dangerous mental disorder; and if the court finds that he does, it must issue a recommitment order. *See id*. Thus, under the CPL 330.20 scheme, the State in its sovereign capacity – represented by either the commissioner or the district attorney – is responsible to "prosecute" the proceedings before the court, and the court has the power to issue orders affecting the insanity acquittee's liberty, including commitment to the custody of the commissioner for confinement in a secure facility operated by the commissioner, or release to the commissioner's supervision. As such, a CPL 330.20 proceeding is akin to a criminal prosecution in important respects.

In addition, a CPL 330.20 proceeding is an essential part of New York State's criminal statutory scheme. Where the State has proven beyond a reasonable doubt that a defendant committed a crime but has not proven beyond a reasonable doubt that he was criminally responsible when he did so, the State may not punish him. *See Jones v. United States*, 463 U.S. 354, 369 (1983). Nevertheless, the fact that an insanity acquittee was found beyond a reasonable doubt to have committed a criminal act "certainly indicates dangerousness," *id*. at 364, and the purpose of the CPL 330.20 process is to protect the public and the insanity acquittee from such danger. *See Escobar*, 61 N.Y.2d at 440 (noting the "risk that a person suffering from a mental disorder who had previously engaged in criminal behavior will be released from custody prematurely."). "By securing a judgment of not responsible [by reason of mental disease or defect], defendant avoids criminal penalties and, instead, becomes subject to the CPL 330.20 scheme." *Jamie R. v. Consilvio*, 6 N.Y.3d 138, 141 n.2 (2006). Therefore, a CPL 330.20 proceeding is inseparable from the insanity acquittee's criminal prosecution and springs from the State's efforts "to protect the very interests which underlie its criminal laws[.]" *Huffman*, 420

U.S. at 606. Such a proceeding is clearly in aid of and closely related to New York's criminal statutes.

Accordingly, the Court finds that Justice's recommitment proceeding under CPL 330.20(14) falls within the category of civil enforcement proceedings for which abstention is mandatory. *See Sprint*, 134 S.Ct. at 588, 591. Therefore, the Court abstains under the *Younger* doctrine from exercising jurisdiction over the claims for declaratory and injunctive relief against Woodlock and Belfi, and such claims are dismissed without prejudice. The Court has reviewed Justice's objections and finds that they lack merit. On *de novo* review, the Court accepts the Report and Recommendation regarding all other issues and does not discuss them further.

It is therefore

ORDERED that the Report-Recommendation (Dkt. No. 37) is accepted in all respects, except for the *Younger* analysis, as discussed above; and it is further

ORDERED that the dismissal motion (Dkt. No. 21) by defendants Woodlock and Belfi is granted in part and denied in part; and it is further

ORDERED that this Court abstains under *Younger v. Harris*, 401 U.S. 36 (1971), and *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 591-92 (2013), from exercising jurisdiction over plaintiff's claims for declaratory and injunctive relief against defendants Woodlock and Belfi; accordingly, all claims in the amended complaint (Dkt. No. 12) against defendant Woodlock, sued only in her official capacity for declaratory and injunctive relief, are dismissed without prejudice; and all claims in the amended complaint for declaratory and injunctive relief against defendant Belfi in his official capacity are dismissed without prejudice; and it is further

ORDERED that the claims in the amended complaint for Eighth Amendment cruel and

unusual punishment and First Amendment retaliation against defendant Belfi in his individual capacity are dismissed with prejudice; and it is further

ORDERED that the claims in the amended complaint under 42 U.S.C. § 1983 for money damages against defendant Belfi in his individual capacity for Fourteenth Amendment due process and equal protection violations are stayed pending the determination of the CPL § 330.20(14) recommitment application proceeding now pending in New York State Supreme Court; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: January 12, 2015
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge